# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

July 6, 2015

### LETTER OPINION & ORDER

To:   All Parties of Record

Re:   <u>Donnell Wolfe v. Tracey Kaminski, et al.</u>
      Civil Action No. 14-1956 (ES)

Dear Litigants:

Presently before the Court is an application for pro bono counsel, filed under 28 U.S.C § 1915(e)(1), by Donnell Wolfe, Plaintiff pro se. <u>See</u> Appl. for Pro Bono Counsel, Mar. 12, 2015, D.E. 8. For the reasons set forth below, Plaintiff's request is denied.

### Background

This is a prisoner civil rights case. Plaintiff is currently an inmate at East Jersey State Prison in Rahway, New Jersey, and he asserts claims pursuant to 42 U.S.C. § 1983 for denial of medical care. <u>See</u> Compl., at 2, Mar. 27, 2014, D.E. 1. In his Complaint, Plaintiff alleges that as of March 24, 2014, he has "been locked in [his cell]." Stmt. of Claims, at 1, 4, Mar. 24, 2014, D.E. 1-1. Plaintiff alleges that during his continued confinement, he could not leave his cell to attend treatment sessions, participate in recreational activities, or to change his clothes. <u>See id.</u> at 1. Plaintiff further claims Defendants extended the time he spent in "lock down" because he complained about his confinement. <u>See id.</u> Finally, Plaintiff contends that he has suffered extreme emotional distress due to the "lock-downs," denial of necessary medical treatment, harsh conditions, and the forced isolation. <u>See id.</u> at 5-6.

Plaintiff filed his Complaint and an application to proceed in forma pauperis ("IFP") on March 27, 2014. <u>See</u> Compl., Mar. 27, 2014, D.E. 1. On January 7, 2015, the Court granted Plaintiff's request to proceed IFP. <u>See</u> Order, Jan. 7, 2014, D.E. 2. Plaintiff submitted the present application for pro bono counsel on March 12, 2015. <u>See</u> Appl. for Pro Bono Counsel, Mar. 12, 2015, D.E. 8.

**Discussion**

It is well-established that neither the Constitution nor any statute provides civil litigants with the right to appointed counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (citations omitted). However, district courts have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. §1915(e). See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (clarifying that courts may grant the appointment of counsel) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point during the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498.

To determine the appropriateness of appointing counsel, courts in the Third Circuit consider the framework established in Tabron. See 6 F.3d at 156-57. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Id. A plaintiff meets this burden if they "[have] not alleged a frivolous or malicious claim and the pleadings state a prima facie case." Id. at 155 (quoting Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.1992)). A pro se pleading is generally treated with greater leniency than a pleading filed by parties represented by counsel. See Pressley v. E. Dist. Precinct, No. 09-3215, 2012 WL 70833, at *2 (D.N.J. Jan. 9, 2012). Additionally, "the contents of the pleadings themselves, when filed by a pro se litigant, must be construed liberally by the Court." Id. (citing Caldwell v. CVS, 443 F. Supp. 2d 654, 656–57 (D.N.J. 2006)); see also Nadal v. Christie, No. 13-5447, 2013 WL 6331058, at *2 (D.N.J. Dec. 4, 2013) (considering the Tabron factors even where "the merits of Plaintiff's claims [were] dubious at best."). If the applicant's claim has some merit, the Court then considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron 6 F.3d at 155-58 n. 5). This is a non-exhaustive list, intended to assist the Court in determining whether it is appropriate to appoint counsel. Montgomery, 294 F.3d at 499 (quoting Parham, 126 F.3d at 457); see also Carson v. Mulvihill, 488 F. App'x 554, 558 (3d Cir. 2012). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 158. For this reason, the Third Circuit maintains that courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499.

Here, the Court addresses the Tabron factors assuming that the Plaintiff's claims have merit. After carefully considering the Tabron factors, however, the Court concludes that appointing counsel is unwarranted.

The first Tabron factor is whether Plaintiff can present his case without the assistance of pro bono counsel. When analyzing this first factor, courts often consider a party's "education,

literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156.  Where, as here, plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement, such as plaintiff's access to and the availability of typewriters, photocopiers, telephones and computers.  See id.  Moreover, many pro se plaintiffs lack legal training, although this "fact alone is not sufficient to warrant appointment of counsel." Krider v. Heron, No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007).

  Here, Plaintiff claims that he lacks access to a law library at East Jersey State Prison. See Appl. for Pro Bono Counsel, at 3, D.E. 8.  Plaintiff further alleges that his continued confinement as of March 24, 2014, restricts his access and ability to communicate with "anyone who has any knowledge of the law." Id.  Finally, Plaintiff alleges that he "does not know how to make any legal arguments or properly prepare any legal documents." Id.  Though Plaintiff does not explain his level of education, his submissions are clear and indicate that he can present the essential facts that form the basis of his case.  Plaintiff, for instance, offers arguments within his Complaint that demonstrate his ability to present legal arguments.  Stmt. of Claims, at 2, D.E. 1-1 (asserting that Defendants have worsened the conditions of his confinement because of his "grievances and verbal complaints").  Additionally, it appears that Plaintiff might lack access to a computer or a typewriter because his submissions have been handwritten.[1]  Accordingly, this factor is neutral.  See, e.g., Tabron, 6 F.3d at 156.

  Regarding the second factor, Plaintiff's legal issues are not complex enough to warrant the appointment of counsel.  Complexity usually warrants the appointment of pro bono counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Id.  When analyzing this factor, courts also consider the "proof going towards the ultimate issue and the discovery issue involved." Parham, 126 F.3d at 459.  Courts, therefore, have routinely denied applications for pro bono counsel when the plaintiff does not allege complex legal issues.  See e.g., Terrell v. Hendricks, No. 11-00832, 2012 WL 2341418, at *1, *3 (D.N.J. June 15, 2012) (finding that a plaintiff who claimed that he was unlawfully confined, and subsequently denied outside recreation and access to the law library did not allege complex legal issues).

  In this case, Plaintiff brings civil rights claims pursuant to 42 U.S.C. § 1983 for being confined to his cell without the ability to attend treatment sessions, participate in recreation, change his clothes, contact the Department of Corrections' Ombudsman, and for retaliation for his verbal complaints and grievances.  See Compl., at 2, Mar. 27, 2014, D.E. 1; see also Stmt. of Claims, at 2-3, D.E. 1-1.  Much like Terrell, however, the facts and circumstances of Plaintiff's case are not complicated.  2012 WL 2341418 at *3.  For these reasons, this factor weighs against appointment.

  Third, "where claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted." Tabron 6 F.3d at 156 (citing Rayes, 969 F.2d at 703).  Under this factor, courts evaluate "the extent to which prisoners … may face problems in pursing their claim." Id.  Courts often deny applications for pro bono counsel where

---

[1] Plaintiff contends that he lacks access to the law library. Appl. for Pro Bono Counsel, at 3-4, D.E. 8.  The Court will address this issue with the parties after Plaintiff serves Defendants and they have entered an appearance in this case.

3

plaintiffs do not demonstrate that it will be difficult to obtain relevant records, if a pro se plaintiff does not demonstrate that it would be "unduly difficult" or "particularly burdensome" to obtain records relevant to the case. Oleson v. Bureau of Prisons, No. 09-5706, 2011 WL 2221195, at *6 (D.N.J. June 6, 2011).  Here, Plaintiff has not demonstrated that it will be unduly difficult to obtain the relevant records to his claims, nor has he demonstrated that discovery will be particularly burdensome.  Furthermore, it does not appear that this case involves facts that only an attorney can investigate or present.  Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, the Court considers whether a case will turn on credibility determinations in the appointment of counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Tabron, 6 F.3d at 156.  Because the majority of cases will turn on credibility determinations, the Third Circuit requires that courts decide, "whether the case is solely a swearing contest." Montgomery, 294 F.3d. at 505 (citing Parham, 126 F.3d at 460).  Moreover, when cases are still in the early stages of litigation, and it would be difficult to determine whether the case will turn on credibility determinations, "this factor militates neither in favor nor against appointing counsel." Salerno v. Corzine, No. 06-3547, 2007 WL 316421 at *2 (D.N.J. Jan. 29, 2007).  This case is still in its early phases because Plaintiff has not served Defendants with the Summons and Complaint.  As such, it is possible that this case will turn on credibility determinations. Accordingly, this factor is also neutral.

Fifth, the Court considers whether Plaintiff may require expert testimony.  In general, "expert testimony is necessary when the seriousness of injury or illness would not be apparent to a law person." Montgomery, 294 F.3d at 504 (citing Boring v. Kozakiewicz, 833 F.2d 468, 473 –74 (3d Cir.1987)).  Plaintiff's claims in this case are clear enough so that a layperson may understand them, and Plaintiff has not demonstrated the need for expert testimony.  Therefore, this factor weighs against appointment.

Sixth, and finally, the Court considers Plaintiff's ability to afford and retain counsel.  See Tabron, 6 F.3d at 156.  Being certified to proceed IFP meets a necessary condition for having counsel appointed, but even that it is not by itself sufficient.  See Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").  Plaintiff explains that he has been unable to retain an attorney because he is "not financially stable."  Appl. for Pro Bono Counsel, at 3, D.E. 8.  As such, the sixth factor is also neutral.  See Clinton, 2009 WL 2230938, at *1 n.4.

## Conclusion

On balance, and for the reasons set forth above, the Court denies Plaintiff's application for pro bono counsel without prejudice.

The Court will address Plaintiff's access to the law library with the parties after Defendants have appeared in this matter.

So Ordered,

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**