NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DONNELL WOLFE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-1956 (ES)(MAH) |
| TRACY KAMINSKI, et al., | : MEMORANDUM OPINION |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

*Pro se* Plaintiff Donnell Wolfe ("Plaintiff") is an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. § 30:4-27.24, *et seq*. Plaintiff is confined at the Special Treatment Unit ("STU") at East Jersey State Prison in Avenel, New Jersey. On February 17, 2015, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, was screened and permitted to proceed. (*See* D.E. Nos. 3 & 4). Defendants Merrill Main and Jacylen Ottino (collectively, the "DHS Defendants") move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 15).[1] The DHS Defendants' motion is unopposed.

As of March 24, 2014, Plaintiff had been locked in his cell for seven days. (D.E. No. 1-1 at 1).[2] He alleges that he was not permitted to leave his cell for treatment sessions, recreation, or to change his clothing. (*Id*.). He further alleges that each time he complained through grievances and verbal complaints, the lockdown time in his cell was extended. (*Id*.). Defendants Main and

---

[1] The Court's adjudication of the DHS Defendants' motion will have no effect on the non-moving defendants, *i.e.*, Tracey Kaminski, T. Drange, S. Davis and Sherry Yates.

[2] The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

Ottino are both employed by New Jersey's Department of Human Services (the "DHS"). (D.E. No. 1 at 4-5).

For the reasons below, the Court dismisses Plaintiff's official capacity claims against the DHS Defendants Main and Ottino *with prejudice* and individual capacity claims against these DHS Defendants *without prejudice*.

## I. LEGAL PRINCIPLES

A. Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

B. Section 1983 Actions

42 U.S.C. § 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

> Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. DISCUSSION

### A. The DHS Defendants—in their official capacities—are not "persons" under § 1983 and thus claims in that capacity must be dismissed

Plaintiff asserts his claims against the DHS Defendants both individually and in their official capacities. (*See* D.E. No. 1 at 1). The DHS Defendants counter that they are not amenable to suit under § 1983 because they are agents of state entities and therefore not "persons" under the law. (D.E. No. 15-1 at 12-13). The Court agrees with the DHS Defendants.

To be liable within the meaning of § 1983, a defendant must be a "person." *See* 42 U.S.C. § 1983. But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Indeed, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.*

To be sure, the Supreme Court's holding in *Will* "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

3

United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI.  This immunity is available to all States, as well as any entity considered "an arm of the state."  *See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401-02 (1979); *Mt. Healthy City Sch. Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977); *see also Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that an entity may be an arm of the state if judgments against it would be payed out of a public treasury).  "Section 1983 does not override a state's Eleventh Amendment immunity."  *Salerno v. Corzine*, No. 06-3547, 2006 WL 3780587, at *3 (D.N.J. Dec. 20, 2006).

In particular, New Jersey federal courts have held that New Jersey's Department of Human Services is not a "person" subject to liability under § 1983.  *See, e.g.*, *Oliver v. Dep't of Human Servs.*, No. 09-5336, 2012 WL 2916773, at *7 (D.N.J. July 16, 2012) ("New Jersey DHS is not a 'person' within the meaning of a § 1983 suit. . . . [A]ny attempt by Oliver to recover against the DHS Defendants . . . must be denied.").  So, here, the DHS Defendants are agents of a state entity and therefore are not "persons" within the meaning of § 1983 when acting in their official capacities.  *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991))).

Thus, because the DHS Defendants Main and Ottino—in their official capacities—are not considered "persons" within the meaning of 42 U.S.C. § 1983, Plaintiff's claims to that extent are dismissed *with prejudice*.

B. The DHS Defendants Main and Ottino—in their Individual Capacities—must be dismissed

Next, the DHS Defendants Main and Ottino move to dismiss Plaintiff's Complaint against them in their individual capacities. (D.E. No. 15-1 at 13). As supervisory employees, the DHS Defendants argue that Plaintiff's Complaint does not sufficiently plead their personal involvement, but impermissibly rests on a theory of *respondeat superior*. (*Id.* at 14-15). The Court agrees and will dismiss the Complaint *without prejudice* as to the DHS Defendants Main and Ottino.

In civil rights actions, a defendant's personal involvement is required to find a constitutional violation.[3] *See Iqbal*, 556 U.S. at 675-77; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." (internal citations omitted)).

In his Complaint, Plaintiff claims that the DHS Defendants Main and Ottino were involved only by virtue of "disregarding" grievances Plaintiff sent to them. (D.E. No. 1-1 at 1-2). Plaintiff does not allege that the DHS Defendants personally directed any unlawful conduct by on-site officials, but rather that, because he sent grievances to the DHS, Defendants Main and Ottino knew of and acquiesced in on-site employees' conduct.

In *Rode*, the Third Circuit addressed a defendant's allegations against a governor involving "personal knowledge of her harassment as a result of grievances she filed with his office of administration" and found that "[t]hese allegations are simply insufficient to show that [the

---

[3] Defendants also argue that, as supervisory employees of the DHS and not the Department of Corrections ("DOC"), they are not responsible for the conduct of on-site DOC employees. (D.E. No. 15-1 at 15-16). Defendants note that the DOC is responsible for "the operation of any facility designated for the custody, care, control and treatment of sexually violent predators," N.J.S.A. § 30:4-27.34(a), whereas the DHS "shall provide or arrange for treatment" for those committed to the STU under N.J.S.A. § 30:4-27.34(6). (D.E. No. 15-1 at 16). Because the Court is dismissing Plaintiff's Complaint on other grounds, the Court need not reach this argument.

5

governor] had actual knowledge of [the defendant's] alleged harassment." 845 F.2d at 1208. "In a similar way, merely sending an individual grievance about an occurrence in one unit of a single prison to the office of Samuels, the Director of the Federal Bureau of Prisons, in no way establishes that Samuels actually knew about the grievance or acquiesced in the conduct described in it." *Davis v. Samuels*, 608 F. App'x 46, 49 (3d Cir. 2015). Indeed, "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Id*. (quoting *Rode*, 845 F.2d at 1207).

Accordingly, here, Plaintiff's claims against the DHS Defendants Main and Ottino are insufficient because they appear to be supported only by allegations of sending a grievance about an occurrence in one unit to the DHS office. To be sure, Plaintiff does not allege that these DHS Defendants were involved in either creating or maintaining a policy that resulted in an unreasonable risk of constitutional injury. *Cf. Aruanno v. Main*, No. 07-3867, 2010 WL 251590, at *8 (D.N.J. Jan. 15, 2010) ("A claim for supervisory liability involves four elements: (1) existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of the potential for this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice." (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989))).

Therefore, because Plaintiff's Complaint fails to adequately plead personal involvement of either Defendant Main or Ottino, or plead that the offending practice resulted from any policy or custom instituted by Defendant Main or Ottino, Plaintiff's Complaint is dismissed *without prejudice* as to the DHS Defendants in their individual capacities. *See Iqbal*, 556 U.S. at 678 (holding that pleadings do not require detailed factual allegations, but demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal citations omitted).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed *with prejudice* as to Defendants Main and Ottino in their official capacities and are dismissed *without prejudice* as to Defendants Main and Ottino in their individual capacities.  An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**